Case 1:16-cr-00064-LAP   Document 529   Filed 10/29/21   Page 1 of 2

Beena Iqbal Ahmad
Attorney at Law

1825 Foster Avenue, Suite 1K                    Phone: (917) 806-1997
Brooklyn, NY 11230                              Fax: (347) 402-2014
beena@kunstlerlaw.net

*The Court is without power to grant the requested relief. See e.g., United States v Roberts, 2020 WL 1700032, at \*3-4 (S.D.N.Y Apr. 8, 2020); Santos v United States, 2013 WL 1952509, at \*1 (E.D.N.Y. May 10, 2013).*

**BY ECF**

Hon. Loretta A. Preska, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

10/29/21

October 29, 2021

**SO ORDERED**

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Re: *United States v. Mario Herrera*, 16 Cr. 64 (LAP)

Dear Judge Preska,

We thank the Court for its thoughtful and speedy deliberation over the request by Mr. Herrera and his family for an emergency furlough so that he may attend the wake for his late father, Guido Herrera, and its recommendation that an emergency furlough be granted in these circumstances.

I reached out to the Bureau of Prisons Deputy Regional Counsel Diana K. Lee, who communicated the court's order to the FCI Hazelton facility. Ms. Lee emailed me the following as the warden's position on Mr. Herrera's emergency furlough application : "Unit Team/Warden says decision on furlough is final."

The warden appears to have given absolutely no consideration to this Court's recommendation. The warden's determination, which provides no detail or basis, also leads to no other conclusion but that Mr. Herrera has been categorically barred from obtaining an emergency furlough due to the existence of three infractions on his disciplinary record, which this Court agrees appear to be "minor."

I reiterate the arguments in my prior submission that the Bureau of Prisons is not exercising its discretion here, but rather failing to exercise it. *See Levine v. Apker*, 455 F.3d 71, 80 (2d Cir. 2006) (striking down a BOP regulation that categorically determined which prisoners could be placed in community confinement rather than exercising its discretion in making these

determinations as provided by statute.) For that reason, the Court would be justified in ordering the Bureau of Prisons to grant an emergency furlough to Mr. Herrera.

.

Respectfully submitted,

Beena Iqbal Ahmad
Attorney for Mario Herrera

Cc: All parties, by ECF