Case 1:16-cr-00064-LAP   Document 562   Filed 12/08/22   Page 1 of 14

Mario Herrera
Register No. 77164-054
FCI-Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

November 22, 2022


Clerk of Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 120
New York, NY 10007-1312

Re:   Case No. S1 16 Cr. 064 (LAP)
      United States v. Herrera

      **LETTER MOTION REQUESTING PERMISSION TO FILE REPLY**
      **NUNC PRO TUNC DUE TO CIRCUMSTANCES BEYOND THE Con-**
      **TROL OF THE DEFENDANT/PETITIONER**

Dear Clerk:

Enclosed with the instant letter motion is Mr. Herrera's Reply to the Government's Opposition to his § 2255 and § 3582(c) motions. In September, 2022, Mr. Herrera had filed a request for an extension of time in order to file a reply in support of his 2255 petition and his motion for compassionate release. The Court granted the request and ordered that Mr. Herrera file his reply by October 7, 2022. Unfortunately, no sooner than Mr. Herrera received the Court's Order granting his request, circumstances beyond Mr. Herrera's control occurred that prevented him from filing his reply by October 7, 2022. These included multiple inmate fighting incidents that resulted in the institution being locked down for extended periods. On one occasion, Mr. Herrera was locked in the institution's Special Housing Unit after receiving an incident report for some sort of alcoholic beverage being found in his living area. This alcoholic beverage did not belong to Mr. Herrera but because it was in his living space, he received the incident report. A subsequent investigation by prison staff exonerated Mr. Herrera when it was discovered that the beverage belonged to another inmate, who admitted to the fact. While Mr. Herrera was in the Special Housing Unit, another inmate, a friend of Mr. Herrera's, sent a letter to the Court explaining his circumstances along with a notice of appeal (in case the Court had already ruled on Mr. Herrera's motions and denied them, and wanting to be sure that the notice of appeal was timely filed). Upon release from the Special Housing Unit (SHU), Mr. Herrera contacted the Court Clerk's office by telephone and spoke with the "pro se intake officer" who advised him that the Court had not yet ruled

-1-

on his 2255 petition or his compassionate release motion, and further advised him that he should mail his reply to the Government's Opposition immediately along with a letter explaining the situation. Following the pro se intake officer's advice, Mr. Herrera has enclosed his reply along with the instant letter motion requesting permission to file the reply nunc pro tunc. Mr. Herrera has attempted to timely file his pleadings and follow the Court's orders with due diligence, but, being an inmate at this institution, things often occur that prevent him from doing what he needs to do. When the institution is on lock down status, he does not have access to the law library, his legal pleadings, nor any of the tools to prepare and file his pleadings. He asks the Court to consider all of this as it decides his motions, particularly the instant letter motion requesting permission to file his reply nunc pro tunc.

Done: November 22, 2022.

Respectfully submitted,

/s/ [signature]
Mario Herrera

The Court granted Mr. Herrera an extension of time to file a reply in further support his section 2255 motion and his motion for compassionate release through and including January 17, 2023. (Dkt. No. 560.) As such, the Court accepts the reply that Mr. Herrera has enclosed with his letter as timely filed. The Clerk of the Court shall mail a copy of this order to Mr. Herrera.

SO ORDERED.

Loretta A. Preska
12/1/2022

Mario Herrera
Register No. 77164-054
FCI-Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

pro se

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-oOo-

MARIO HERRERA,

        Defendant/Petitioner,        S1 16 Cr. 064 (LAP)

v.

UNITED STATES OF AMERICA,

        Respondent.

---

DEFENDANT/PETITIONER'S REPLY TO THE "OPPOSITION OF
THE UNITED STATES OF AMERICA TO PETITIONER'S SECOND
MOTION UNDER 28 U.S.C. § 2255 AND MOTION UNDER 18 U.S.C.
§ 3582(c)"

Defendant/Petitioner MARIO HERRERA ("Mr. Herrera"), pro se, respectfully submits to this Honorable Court the instant Reply to the Government's "Opposition" to his "Second Motion pursuant to 28 U.S.C. § 2255 (though not "Second or Successive" under the terms of the AEDPA and 28 U.S.C. § 2244(3)(A); Stewart v. United States, 646 F.3d 856 (11th Cir. 2011)), and his motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The Government refers to these two motions currently pending before the Court collectively as the "Pending Motions." The background (relevant facts and

-1-

procedural history) of this case has been set forth fully in the Government's "opposition" and need not be repeated here. Instead, Mr. Herrera will proceed directly to the arguments.

A.  **Herrera's Waiver of his Right to Collaterally Attack His Sentence Was Not Knowingly, Intelligently, and Voluntarily Made.**

As the Government correctly states in its "Opposition", "waivers may be set aside where defendant is challenging the constitutionality of the process by which he waived those rights, including when the defendant claims that the plea agreement was entered into without effective assistance of counsel and when the waiver was not made voluntarily and competently."  Mr. Herrera challenges the constitutionality of the process by which he waived his right to appeal and to collaterally attack his conviction and sentence. Furthermore, he claims that the plea agreement was entered into without the effective assistance of counsel and, therefore, that the waiver was not made voluntarily and competently. Khan v. United States, No. 07Cr.711(LAP), 2014 WL 2111677, at *6-7 (S.D.N.Y. 2014)(quoting United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) and United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)(internal quotation marks omitted)). The record in the instant case does not reveal conclusively that the waiver was knowing and voluntary, and that there is no merit to the ineffective assistance claim, as required in Muniz v. United States, 360 F. Supp.2d 574, 577 (S.D.N.Y. 2005)(citing United States v. Monzon, 359 F.3d 110, 119 (2d Cir. 2004)).

The Second Circuit Court of Appeals has held:

> "Along with the other circuits that have considered the question, we have held that a defendant's right to appeal

-2-

his sentence may be waived in a plea agreement. See Yemitan, 70 F.3d at 748; United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir.)(per curiam), cert. denied, 113 S.Ct. 3060 (1993); see also United States v. Schmidt, 47 F.3d 188, 192 (7th Cir. 1995)("declining to exercise" the court's "jurisdiction to determine the merits of the defendant' appeal" because of valid waiver of right to appeal); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993), cert. denied, 130 L.Ed.2d 556, 115 S.Ct. 652 (1994); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992); United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir. 1990), cert. denied, 503 U.S. 942 (1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

But no circuit has held that these contractual waivers are enforceable on a basis that is unlimited and unexamined. See, e.g. Yemitan, 70 F.3d at 748 ("We do not hold that the waiver of appellate rights forecloses appeal in every circumstance."); United States v. Jacobson, 15 F.3d 19, 23 (2d 1994)("[A] waiver of the right not to be sentenced on the basis of a constitutionally impermissible factor may be invalid...."); United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995)(defendant cannot validly waive right to appeal from a denial of the claim that the plea agreement was entered into with ineffective assistance of counsel).

In the instant case, counsel was ineffective for requiring the defendant, Mr. Herrera, to accept the plea and waive his right to appeal and/or collaterally attack his conviction and sentence because, even at that time, there was a reasonable possibility, if not probability, that Mr. Herrera's prior convictions would not stand to increase his Criminal History Category from Category I to Category II. Mr. Herrera had three prior marijuana convictions in the state of New York at the time of sentencing in the instant federal case. Based on these three prior New York state marijuana convictions, the probation department calculated that Mr. Herrera's Criminal History Category was II instead of I. At that time, the New York marijuana convictions were misdemeanors only. However, recently, changes

in New York State law resulted in the decriminalization of many marijuana-related offenses. Ultimately, Mr. Herrera's prior misdemeanor marijuana convictions in the State of New York were dismissed. Counsel in this case should have recognized that the New York marijuana laws were in a state of flux, even at the time of sentencing in the instant case. Furthermore, even at that time, Mr. Herrera's state marijuana convictions were simple possession misdemeanors and did not qualify as "serious drug offenses" under federal law. On this basis alone counsel should have contested the use of these prior convictions as a means to increase Mr. Herrera's criminal history category. Yet, counsel, either through ignorance or incompetence, did nothing. During the plea, as the Government points out in its opposition brief:

> "At the plea proceedings, Magistrate Judge Moses began by establishing that Herrera understood the nature of the proceedings, was satisfied with the representation of his counsel, was not under the influence of any alcohol or narcotic or subjected to any threats or force, and had discussed the Plea Agreement with Counsel.... Judge Moses also thoroughly reviewed the rights that Herrera was giving up by pleading guilty, including waiving his right to 'challenge [his] sentence, whether by direct appeal, writ of habeas corpus or otherwise.' ....Judge Moses explained the ramifications in the sentencing phase of pleading guilty and allocuted Herrera on his understanding "that the decision as to the appropriate sentence in [his] case will be entirely up to the sentencing judge, Judge Preska, not [the Magistrate Judge]. not the prosecutor, not [Herrera's] lawyer."

However, Herrera responded to the Magistrate's questions according to the instructions he received from counsel. Having no knowledge of the law, Herrera had no way of knowing that he was waiving his constitutional rights based on counsel's in-

-4-

effectiveness. Herrera could not know at that time that his Criminal History Category would be increased based on his prior New York State marijuana convictions that were mere misdemeanors and not serious drug offenses, or that those same prior convictions would be dismissed at a later date. He was not even aware of the possibility that this could happen. It was counsel's responsibility to research, investigate and be aware of all this with respect to his priors, and the possible ramifications and impact it could have on his sentence. In essence, Mr. Herrera pled guilty in the blind, based on counsel's misinformation and lack of competence. Mr. Herrera has a constitutional right to the effective assistance of counsel, which he did not receive in this case. Apparently, counsel was not even aware of the U.S. Supreme Court's decision in <u>Dorsey v. United States</u>, 567 U.S. 260, 272, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), and how it might impact Herrera's case, particularly with respect to the decriminalization of New York's marijuana laws and the ultimate dismissal of Herrera's priors. In <u>In Re: Sealed Case</u>, 901 F.3d 397 (Dist. of Columbia Cir., 2017), the Court stated:

> "Often, when a criminal defendant agrees to plead guilty, he also agrees to waive his right to take an appeal or seek collateral review after he is sentenced. The appeal waiver generally precludes him from bringing an appeal on any as-yet-unknown claim that might arise in his upcoming sentencing proceedings. So, for instance, if the defendant comes to believe that the trial court committed an error in determining his sentence, his appeal waiver generally would bar him from appealing on that ground.
>
> "But what if the claim the defendant wishes to raise on appeal concerns, not an alleged error committed by the trial court at sentencing, but instead the performance of the defendant's own attorney at sentencing? Suppose the attorney's performance in the sentencing proceeding is so poor that it violates the defendant's Sixth Amend-

ment right to counsel. Does a defendant's generic appeal waiver encompass a claim that he received ineffective assistance of counsel in connection with his sentencing?

We conclude that a generic appeal waiver does not affect a defendant's ability to appeal his sentence on yet-to-arise ineffective-assistance-of-counsel grounds...."

Mr. Herrera contends that his counsel was grossly ineffective for failing to challenge the use of his prior New York State misdemeanor marijuana convictions to increase his Criminal History Category from (I) to (II) thereby causing his sentencing guidelines range to increase from 135-168 to 151-188. Because the district court sentenced Mr. Herrera to the low end of the Guidelines range, he would have received a 135-month sentence instead of a 151-month sentence, a difference of 16-months. Counsel should have challenged this fact during the plea negotiations, during the plea hearing, and during the sentencing phase of the proceedings, yet counsel failed to do so. Counsel's ineffectiveness is even more glaring now that the state of New York has dismissed Mr. Herrera's prior marijuana convictions. One district court has stated:

> "In plea agreements, 'waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' Brady v. United States, 397 U.S. 742, 748, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970). Every circuit to consider the issue has concluded that waivers of the right to appeal a sentence, like waivers of constitutional rights, are invalid unless they are voluntary and knowing. 2 Schmidt, 47 F.3d at 190 (7th Cir.); Bushert, 997 F.2d at 1350-51 (11th Cir.); Melancon, 972 F.2d 566, 567 (5th Cir. 1992); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); Rutan, 956 F.2d at 829 (8th Cir.); Navarro-Botello, 912 F.2d at 321-22 (9th Cir.). Courts have stressed that a waiver is only knowing or 'informed' if the defendant 'fully understood the consequences of the waiver.' Rutan. 956 F.2d at 830; United States v. Baty , 980 F.2d 977, 979 (5th Cir. 1992), cert. denied, 508 U.S. 956, 124 L.Ed.2d 672, 113 S.Ct.

-6-

2457 (1993).

> "A majority of circuits that have addressed this issue
> have either ruled or intimated that the district court
> should specifically flag the defendant's waiver of the
> right to appeal at the Rule 11 plea agreement hearing.
> We agree that a waiver of the right to appeal should only
> be enforced by an appellate court if the record 'clearly
> demonstrates' that the waiver was both knowing (in the
> sense that the defendant fully understood the potential
> consequences of his waiver) and voluntary. See Schmidt,
> 47 F.3d at 190 (courts should uphold waiver 'only if the
> record clearly demonstrates that the defendant knowingly
> and voluntarily entered into the plea agreement' and hence
> waived his right to appeal."

In the instant case, Mr. Herrera did not make a knowing and intelligent waiver of his right to appeal, nor does the record "clearly demonstrate" that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary. This court should look into this matter carefully and fairly.

### Title 18, United States Code, Section 3582(c)

Mr. Herrera has applied to this Honorable Court for compassionate release and/or a reduction in his term of imprisonment for "extraordinary and compelling" as set forth in his prior pleadings. This Court is well aware of those reasons and they need not be repeated here. The Government asks this Court to deny Mr. Herra's motion. Mr. Herrera prays that the Court will grant his § 3582(c)(1)(A) motion for the following reasons set forth below. However, Mr. Herrera first reminds the Court of the standard for compassionate release:

> "Modication of a sentence-which defendant seeks-is
> rigorously limited. See generally, U.S. v. Curry,
> 606 F.3d 323, 326 (6th Cir. 2010); 18 U.S.C. § 3582

-7-

(c). With regard to compassionate release § 3582(c)(1)(A) only permits [a court] to grant release after a prisoner [has] fully exhaust[ed] administrative rights or waiting thirty days after the warden's "receipt of [his request.' United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)..."

[This Court should note that the Second Circuit Court of Appeals takes a more liberal view of the Courts ability to decide whether or not to grant or deny a request pursuant to § 3582(c)(1)(A) by a defendant than the Sixth Circuit Court of Appeals; and the Second Circuit is not alone in its view]

"The First Step Act, in relevant part, permits a court to 'reduce the [defendant's] term of imprisonment...if it finds that[] extraordinary and compelling reasons warrant such a reduction' and that the reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a), in turn, requires a district court imposing a sentence to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and also to ensure that the sentence 'reflect[s] the seriousness of the offense,...promote[s] respect for the law,...provide[s] just punishment for the offense,' and 'afford[s] adequate deterrence to criminal conduct,' among other sentencing objectives, id. § 3553(a)(2)(A)-(B). A court's determination that a defendant has failed to make the requisite showing regarding extraordinary and compelling circumstances or that the section 3553(a) factors on balance militate against a sentence reduction is a sufficient basis to deny the motion. See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021)."

The Second Circuit Court of Appeals states:

"We review the denial of a motion for compassionate release for abuse of discretion. United States v. Saladino, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.' United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009) (quoting Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008)). '[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges.' United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008)(en banc). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal."

And, in particular, see: United States v. Brooker, 976 F.3d 228

-8-

(2d Cir. 2020). With respect to the requirements under § 3553(a), Mr. Herrera expresses to the Court that his criminal offenses were non-violent offenses. His offenses were for selling drugs, in very small quantities, despite the Government's attempts to make it appear that he was some sort of drug lord moving extremely large quantities of drugs in the community. By no means attempting to minimize his culpability and the impact of his offenses, Mr. Herrera states to this Court that he sold or attempted to sell small amount of prescription pills and drugs such as cocaine and marijuana in order to supplement his income. Although it can fairly be said that he recruited help in selling these drugs, he by no stretch of the imagination was some sort of major organizer or recruiter in some major drug organization; we all were simply a bunch of youngsters attempting to hustle drugs for cash by mutual agreement. In any case, all of this is behind me now; it is the past. I was caught, convicted and sentenced. I believe that I am reformed, rehabilitated, and remorseful. I have absolutely no intention in continuing in my past criminal ways. I mean this sincerely. Thus, I ask the Court, as it considers the requisite § 3553(a) factors, to consider, too, my statement here. I am not a threat to the community. I have never physically hurt anyone or been involved in any sort of violent behavior. My crimes were small scale economic offenses, though serious enough to warrant punishment they are not so serious or offensive as to be beyond forgiveness or compassionate consideration.

Next, there was serious constitutional error involved in

-9-

the calculation of my Sentencing Guideline range. Due to counsel's errors, I received a sentencing range of 151-to-188 months instead of the 135-to-168 months I would have received otherwise. While appellate review of counsel's errors are all but foreclosed to me, this Court can remedy the errors through § 3582(c)(!)(A). While counsel's errors may not qualify as "extraordinary and compelling" reasons, and while § 3582(c) is not necessarily the proper forum to seek relief of such errors, this Court has some leeway and discretion under § 3582(c) to grant me relief, which I am entitled to.

Then, there are my health problems that are set forth in my motion for compassionate release. There is nothing more that I can add, except to pray for the Court's consideration of all the relevant factors in my case.

Done this 22nd day of November, 2022.

Respectfully submitted,

/s/ _____
Mario Herrera

-10-

## CERTIFICATE OF SERVICE

I, Mario Herrera, hereby certify that I have enclosed the attached "Reply" pleading in a properly addressed envelope with sufficient first-class postage attached, and handed same to prison staff for delivery by U.S. Postal Service to the Clerk of the Court:

>  Daniel Patrick Moynihan United States Courthouse
>  500 Pearl Street, Room 120
>  New York, NY 10007-1312

Done this 22nd day of November, 2022.

//s/ _____
      Mario Herrera